UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CAMILLE ALEXANDER, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | Case No. 3:18-cv-301-TMR |
| | : | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | : | Judge Thomas M. Rose |
| | : | |
| Defendant/Counter-Plaintiff. | : | |

_____

## **STIPULATED PROTECTIVE ORDER**

The parties agree that discovery proceedings in this case may involve documents and testimony containing information that is subject to the protection of the Court under Fed. R. Civ. P. 26(c). The parties stipulate and agree that that the following protective provisions shall govern the handling of testimony, information and documents produced or obtained by the parties:

1. Confidential Information

   A. This Protective Order shall apply to production of the following documents that are marked "CONFIDENTIAL": Selected sections of underwriting guidelines (1) published by Swiss Re and (2) others created by The Lincoln National Life Insurance Company.

   B. Designation: This Confidential designation shall be made by stamping each page of a document containing Confidential Information with the legend "CONFIDENTIAL" at or before the time the document is produced to the receiving party. Deposition testimony shall be deemed Confidential only if designated as such. Such designation shall be specific as to the

portions of the transcript to be designated as Confidential. The Lincoln National Life Insurance Company may designate the portions of the transcript as Confidential by stating so on the record at the deposition. <u>Whether or not the designation is made at the time of a deposition, all depositions shall be treated as Confidential until 15 days after The Lincoln National Life Insurance Company receives the transcript. Within 15 days of the receipt of the deposition transcript, The Lincoln National Life Insurance Company shall both designate the portions of the deposition transcript or other documents which it deems as Confidential pursuant to this Protective Order and provide written notice to Camille Alexander's attorneys.</u>

C. <u>Inadvertent Production</u>: In the event that a party inadvertently produces Confidential Information without the "CONFIDENTIAL" legend, the producing party shall, promptly upon discovery of the inadvertent production, provide the receiving party with (i) written notice that the Confidential Information is designated Confidential under this Protective Order and (ii) replacement copies of the Confidential Information marked "CONFIDENTIAL."  Such post-production designation of Confidential Information shall not under any circumstances be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

2. <u>Restrictions on Confidential Information</u>

   A. <u>Purposes</u>: Confidential Information shall be used only for the limited purpose of preparing for and conducting this action (including any appeals) and not for any other purpose.

   B. <u>Recipients</u>: Confidential Information may be disclosed only to the following:

      i. Counsel of record for any party to this action, including attorneys, paralegals, clerks, and other employees of counsel's firms who are assisting in this case;

      ii. Consultants, investigators, experts, and their respective staffs who have been retained by a party to provide expert or opinion testimony or to assist in the preparation for trial or other proceedings in this case (so long as they agree in writing to be bound hereby);

      iii. Vendors engaged by any party to assist in copying, organizing, filing, translating, converting, storing, retrieving or computer coding of documents or data, or designing programs for handling documents or data, in connection with this case (so long as they agree in writing to be bound hereby);

      iv. Court reporters retained to record or transcribe deposition testimony taken in this case;

      v. Any witness, although only to the extent relevant to his or her potential testimony in this case;

vi. Persons shown on the face of a document to have authored or received it;

vii. Any person who the parties agree, in advance and in writing, may receive such discovery materials;

viii. Any mediator and/or facilitator assigned to this case by the Court and/or by agreement of the parties; and

ix. The Court (subject to Section 4 below) or by agreement of the parties.

3. <u>Notice to Recipients of Confidential Information</u>: Any party or representative of a party who provides Confidential Information to a person identified in Section 2(B) (other than the Court) shall:

   A. Notify that person that the Confidential Information is being disclosed to him or her under the terms of the Protective Order and may not be disclosed other than as authorized by its terms, and

   B. Require that person to return promptly all Confidential Information that is disclosed to him or her.

4. Any party or representative of a party who wishes to file Confidential Information with the Court or disclose Confidential Information in a manner not authorized by Section 2B (the "producing party") shall either:

   A. Advise counsel for the opposing party of the intended filing or disclosure by written notice delivered at least seven days prior to the date of the intended filing or disclosure. If the opposing party objects to the filing or disclosure, it shall notify counsel for the producing party in writing of its objection and apply to the Court for an order prohibiting or restricting the

filing or disclosure within 14 days of receipt of the written notice of the intended filing or disclosure. No disclosure shall be made until the Court rules upon the application for protection.

    B. Seek leave from the Court to file the Confidential Information under seal, unless the Court has entered a previous order authorizing the submission of the Confidential Information under seal or submission under seal is authorized by statute. Proposed sealed documents shall be electronically filed in accordance with the Court's local rule regarding filing materials under seal.

5. This Protective Order is without prejudice to the right of both parties to oppose another party's designation of Confidential Information (which opposition the parties shall first attempt to resolve via informal discussions and/or agreement) or the admissibility of any Confidential Information produced on the grounds of lack of relevancy, privilege, or any other legal reason. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as Confidential by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

6. Within sixty days after termination of this case by final judicial decision or otherwise, any party that has obtained Confidential Information from another party shall either destroy that information or return it to the party from whom it was obtained at the request of the opposing party. However, counsel for the

parties may retain one complete set of documents, deposition transcripts (and exhibits), and pleadings (and exhibits) containing Confidential Information in a secure location. This requirement will not apply to Confidential Information that is contained in deposition transcripts or pleadings or that has been filed with the Court.

7. This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. This Protective Order may be amended by agreement of counsel for the parties and approval by the Court.

8. The use of any Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed in this Order, and may be subject to future order as the need may arise.

IT IS SO ORDERED.

DATE: May 15, 2019          *s/Thomas M. Rose

_____
The Honorable Thomas M. Rose

APPROVED FOR ENTRY:

| Rutter & Russin, LLC | Saretsky Hart Michaels + Gould PC |
|---|---|
| By: /s/ Justin Rudin (with permission)<br>Robert P. Rutter (0021907)<br>Justin Rudin (0087368)<br>Attorneys for Plaintiff<br>One Summit Office Park, Suite 650<br>4700 Rockside Road<br>Independence, Ohio 44131<br>(216) 642-1425<br>brutter@ohioinsurancelawyer.com<br>jrudin@ohioinsurancelawyer.com | By: /s/ Eric A. Michaels<br>Eric A. Michaels (0095399)<br>Attorneys for Defendant<br>995 South Eton<br>Birmingham, Michigan 48009<br>(248) 502-3300<br>emichaels@saretsky.com |